IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA BRANCH, ) | |
| ) | No.    08 CV 1561 |
| Plaintiff, ) | |
| vs. ) | JUDGE NORGLE |
| ) | MAGISTRATE JUDGE COX DOLTON |
| POLICE OFFICER ) | |
| DEREK GUESS, (STAR #547) ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

### DOLTON POLICE OFFICER DEREK GUESS' ANSWER TO PLAINTIFF'S COMPLAINT AT LAW AND AFFIRMATIVE DEFENSES

NOW COMES defendant, DOLTON POLICE OFFICER DEREK GUESS, by and through his attorneys, QUERREY & HARROW, LTD., and for his answer to plaintiff's complaint at law, states as follows:

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. sections 1983 et seq. and 1988; the Judicial Code, 28 U.S.C. sections 1331, and 1343(a); the Constitution of the United States; and supplemental jurisdiction pursuant to 28 U.S.C. section 1367. Plaintiff demands trial by jury on all issues and claims pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**ANSWER:**   Defendant admits that plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 and Illinois common law claims, but denies that there has been a deprivation of the Plaintiff's civil rights to be redressed or that the Plaintiff states a cause of action upon which relief may be granted.

2. Plaintiff, Barbara Branch, was at all relevant times herein a citizen of the United States and a resident of Dolton, County of Cook, State of Illinois.

**ANSWER:** Defendant neither admits or denies the allegations contained in paragraph 2, as he lacks sufficient knowledge to form a belief as the veracity of the allegation contained therein, and demands strict proof thereof.

3. Defendant, Derek Guess, #547, was at all relevant times herein a duly appointed police officer of the City of Dolton and was acting in his individual capacity, under the color of state law, and within the scope of employment.

**ANSWER:** Derek Guess admits he is an Officer for the Village of Dolton, but denies the remaining allegations contained in paragraph 3.

4. This is an appropriate venue in that all the alleged acts occurred within this District, and the defendant resides and does business within this District.

**ANSWER:** Defendant admits venue in this matter.

5. Defendant, at all relevant times herein, was acting under the color of law.

**ANSWER:** Defendant denies the allegations contained in paragraph 5.

6. On or about September 25, 2006, plaintiff was driving her vehicle in Dolton, Illinois, when the vehicle stopped on the roadway due to a mechanical malfunction. Defendant Guess responded to the scene where plaintiff's vehicle had stalled.

**ANSWER:** Defendant denies mechanical malfunction, but admits being dispatched to scene where the plaintiff was in her car.

7. At the scene, plaintiff was cited for disorderly conduct pursuant to 720 ILCS 5/26-1-A-1, and transported to the Dolton Police Station in the police vehicle of Dolton Officer Griffin.

**ANSWER:** Defendant admits the allegations contained in paragraph 7.

8. At the police station the plaintiff was repeatedly struck and kicked by defendant Officer Guess in the head, face, back and arms. At some point during the beating she lost consciousness.

**ANSWER:** Defendant denies the allegations contained in paragraph 8.

9. As a result of the beating, the plaintiff suffered multiple contusions and abrasions to her face, neck and truck. She also suffered a nasal bone fracture.

**ANSWER:** Defendant denies the allegations contained in paragraph 9.

10. In addition to disorderly conduct, the plaintiff was charged with two counts of battery pursuant to 720 ILCS 5/12-3-A-2.

**ANSWER:** Defendant admits the allegations contained in paragraph 10.

11. All charges filed by the State of Illinois against plaintiff were subsequently stricken with leave to reinstate on December 27, 2006.

**ANSWER:** Defendant admits the allegations contained in paragraph 11.

12. By the conduct alleged herein, defendant Guess without provocation, used excessive, unnecessary and/or unreasonable force against plaintiff Branch, in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C.A. Section 1983 et seq.

**ANSWER:** Defendant denies the allegations contained in paragraph 12.

13. Said acts or omissions, as alleged herein were done by defendant Guess maliciously, willfully, wantonly, and/or in reckless disregard for, and/or deliberate indifference to, plaintiff's safety, liberty and constitutional rights.

**ANSWER:** Defendant denies the allegations contained in paragraph 13.

14. At all relevant times, it was clearly established that a police officer may not use such excessive force when arresting or interrogating the plaintiff.

**ANSWER:** Defendant denies excessive force was used when arresting plaintiff.

15. As a direct and proximate result of the matters herein alleged, plaintiff Barbara Branch suffered physical and psychological injuries, pain, suffering, humiliation and medical expenses.

**ANSWER:** Defendant denies the allegations contained in paragraph 15.

WHEREFORE, defendant, DEREK GUESS, respectfully requests judgment in his favor and against the plaintiff, and that plaintiff take nothing by way of her complaint.

## AFFIRMATIVE DEFENSES

1. The allegations contained in Plaintiff's pending Complaint fail to state a valid cause of action upon which relief can be granted.

2. To the extent that the Defendant was acting in the scope of employment with The Village of Dolton, and under the color of law, Defendant is entitled to qualified immunity.

3. Defendant did not intentionally or knowingly deprive the Plaintiffs of any right guaranteed them by the United States Constitution or any other statute set forth in Plaintiff's Complaint and all actions of this Defendant was undertaken in good faith and in the performance of his official duties, and the reasonable belief that his actions were lawful and authorized.

4. Upon information and belief, Plaintiff has failed to state a federal claim against this Defendant for the reason that the acts complained of were not caused by an official policy, practice, customary usage of this Defendant.

5. Any injury or damages suffered by the Plaintiff was the result of an independent intervening cause, and not the result of any alleged actions or omissions of this Defendant.

6. Defendant had probable cause to arrest Plaintiff on September 25, 2006, based upon the totality of the circumstances and the information known to the Defendant at the time of the

Plaintiffs' arrest.

7. Plaintiff's state law claim is barred by 745 ILCS 10/2-201 of the Illinois Tort Immunity Act in that the Defendant was a public employee serving in a position involving the determination of policy or exercise of discretion at the time of Plaintiffs' arrest, thus, Defendant is not liable for any injuries resulting from an act or omission in determining policy when acting in the exercise of that discretion, even though abused.

8. Plaintiff's state law claim is barred by 745 ILCS 10/2-202 of the Illinois Tort Immunity Act in that the Defendant was engaged in the execution or enforcement of the law and their actions did not constitute willful and wanton misconduct.

WHEREFORE, Defendant, DOLTON POLICE OFFICER DEREK GUESS, respectfully requests the Court dismiss Plaintiff's Complaint, with prejudice, and award Defendant its costs associated with defending this action, including attorneys' fees, together with such other and further relief this Court deems just and equitable.

## JURY DEMAND

Defendant demands a trial by jury.

Respectfully submitted,

s/Larry S. Kowalczyk
Attorneys for Defendants

Larry S. Kowalczyk
Mary E. McClellan
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, IL 60604

## AFFIDAVIT

I, Larry S. Kowalczyk, being first duly sworn on oath, depose and state that I am a member of the law firm of Querrey & Harrow, Ltd., and am one of the attorneys for the defendant in the above-entitled cause; and where it is stated that defendant does not have sufficient information or knowledge upon which to form a belief, such statements are true and correct except as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

                                              s/Larry S. Kowalczyk
                                              Attorneys for Defendants

Document #: 1334174